## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OUROARTE JEWELRY INTERNATIONAL LLC, ARISTIDES FERREIRA FERNANDES FILHO** | : : : : | **CIVIL ACTION** |
| v. | : : | NO.  23-3285 |
| **KRISTI NOEM,** *et al.* | : : | |

### MEMORANDUM

**MURPHY, J.**                                                                                                                                        **April 21, 2025**

      Mr. Filho owns a jewelry company in Brazil.  He sought to expand the business to the United States under the name OuroArte.  As part of this initiative, OuroArte obtained a special visa that would allow Mr. Filho one year in the United States to develop the business.  When the one-year period expired, OuroArte requested an extension from the United States Citizenship and Immigration Services ("USCIS").  USCIS denied this request, so OuroArte filed suit.  Before engaging, USCIS reopened OuroArte's case to reassess the extension request, but eventually denied it again.

      OuroArte returned to court, arguing that the USCIS's decision denying its extension request for the second time is arbitrary and capricious in violation of federal law.  After reviewing the USCIS's decision, analyzing the briefing and exhibits, and holding oral argument, we agree with OuroArte.  But this is not a situation where we merely identify and correct a clear misapprehension of law.  Rather, we are confronted with an agency action that defies interpretation, despite the government's best efforts to justify it after the fact.  An agency decision is not supposed to be abstruse.  And unreviewability is, itself, an appropriate basis for remand.  So we remand the case back to USCIS to re-adjudicate OuroArte's petition.

    **I.**    **Factual Background**

OuroArte Jewelry International LLC ("OuroArte") is a United States company launched in 2019 as a sister company to Davi Folheados, a Brazilian jewelry company. DI 9 ¶ 1. Aristides Ferreira Fernandes Filho ("Mr. Filho") owns and controls both OuroArte and Davi Folheados. *Id.* He serves as the Chief Executive Officer of OuroArte. *Id.* After Mr. Filho incorporated OuroArte in Pennsylvania in 2019, OuroArte applied for a "New Office L-1A Intracompany Transferee Visa" from USCIS on his behalf. *Id.* ¶ 3. On April 29, 2020, USCIS granted Mr. Filho an L-1A visa for one year to launch OuroArte. *Id.* His wife and children received accompanying L-2 visas. *Id.*

One year later, OuroArte filed an I-129 Petition to extend Mr. Filho's L-1A status and his family's L-2 status. *Id.* ¶ 4. USCIS denied the extension petition. *Id.* ¶ 33. OuroArte then filed suit under the Administrative Procedure Act ("APA"), arguing that USCIS's decision was "arbitrary, capricious, and an abuse of discretion." DI 1 at 2. Before responding to the complaint, USCIS administratively reopened the matter, DI 6 at 3, and again denied the extension petition, DI 9 ¶ 40.[1]

Soon after, OuroArte amended its complaint, arguing that USCIS's second decision constituted clear error or was otherwise "arbitrary, capricious, and an abuse of discretion." *Id.* ¶¶ 49, 60. According to OuroArte, USCIS relied on a non-existent regulation, adjudicated the petition under the wrong regulation, and failed to articulate a reason for not deferring to its previous determination. *Id.* ¶¶ 49-52, 59. OuroArte also argues that it satisfied all requirements of the extension regulations. *Id.* ¶¶ 53-58.

---

[1] USCIS's denial letter is a final agency action, 8 C.F.R. § 214.2(h)(12), so this dispute is ripe for judicial review, 5 U.S.C. § 704.

2

The government moved for summary judgment, asking us to dismiss OuroArte's claims. DI 24. OuroArte filed a cross motion for summary judgment,[2] requesting that we order USCIS to approve its petition, issue Mr. Filho the L-1A visa, and issue Mr. Filho's family L-2 visas — or, alternatively, remand the case back to USCIS for re-adjudication. DI 25 at 3, 5-6.

## II. Analysis

### A.  Legal standard

A party is entitled to summary judgment when there "is no genuine dispute as to any material fact." Rule 56. For review of agency action under the APA, summary judgment is the proper mechanism by which a district court determines "as a matter of law, whether an agency action is supported by the administrative record and consistent with the APA standard of review." *Uddin v. Mayorkas*, 862 F. Supp. 2d 391, 399 (E.D. Pa. May 15, 2012) (citing *Am. Bioscience, Inc. v. Thompson*, 269 F.3d 1077, 1083 (D.C. Cir. 2001)). We reverse agency action if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2), considering whether the agency's "decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment," *Motor Vehicle Mfrs. Ass'n. of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983).[3] "[A]n agency

---

[2] OuroArte also requests attorneys' fees under the Equal Access to Justice Act. DI 25 at 3. The request is not briefed by any party, so we make no decision on the issue at this time.

[3] We note that the government includes two different short citations for this case (never a full citation) and both of have incorrect reporter citations: "(citing, Motor Vehicle Mfrs. Ass'n, **462 U.S. at 443**)," DI 24 at 6, "Motor Vehicle Mfrs. Ass'n. of United States, Inc. , **462 U.S. at 43** (citations omitted)," DI 24 at 16. The correct citation is 463 U.S. 29. We point this out not to be petty but because the case is an important one here and because the government is responding to an APA challenge *based on, among other things, an incorrect legal citation*.

rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Id.*

We will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U. S. 281, 286 (1974). But "we may not supply a reasoned basis for the agency's action that the agency itself has not given." *State Farm*, 463 U.S. at 43. We "must judge the propriety of such action solely by the grounds invoked by the agency." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947).

**B.  Discussion**

USCIS's decision denying OuroArte's extension petition is problematic. Most notably, USCIS relies on a non-existent regulation and focuses its analysis on the requirements for a new office petition rather than an extension petition. We analyze each of these issues below — which are illustrative of the many flaws of the USCIS decision — and find that USCIS failed to supply a reasoned basis for its action. Because we may not backfill logic and reason into USCIS's decision, *State Farm*, 463 U.S. at 43, we remand the case to USCIS.

Before diving into the substance, we note that the parties agree OuroArte filed an I-129 Petition seeking a visa *extension* for Mr. Filho. DI 9-46 at 1; DI 23 ¶ 9; DI 24 at 8; DI 25 at 7. And it is undisputed that the controlling regulation for OuroArte's petition is 8 C.F.R. § 214(l)(14)(ii). DI 24 at 14; DI 25 at 26-27; DI 31 at 17:1-4; 31:2-8.

The first problem with USCIS's decision is its proposition that OuroArte must

4

demonstrate an immediate ability to support an executive position. DI 9-46 at 2, 12. For this purported requirement, USCIS relies on § 214.2(h)(ii).[4] DI 9-46 at 2. But § 214.2(h)(ii) does not exist. The government tells us that this was a "typographical error" that "does not invalidate USCIS's denial." DI 26 at 6. The government argues "[w]hile the citation is incorrect, the substance of the paragraph is not. It relates to 8 C.F.R. § 214.2(l)(14)(ii), which is the new office extension regulation cited throughout the denial . . . and is the controlling regulation for the benefit sought." DI 26 at 6. In short, the government asks us to apply the harmless-error doctrine.

We cannot prove that the government is wrong. But we certainly cannot say that it is right either. First, it is not clear how the immediacy requirement "relates to 8 C.F.R. § 214.2(l)(14)(ii)." DI 26 at 6. We see no explicit immediacy requirement in § 214.2(l)(14)(ii). If USCIS believes the regulation should be interpreted to contain such a requirement, it must explain the basis for that legal determination. We cannot supply a reasoned basis that the agency did not provide, *State Farm*, 463 U.S. at 43, and "[i]t is not [our] role to guide the agency through its own regulations," *PAM Squared at Texarkana, LLC v. Azar*, 436 F. Supp. 3d 52, 60 (D.D.C. Jan. 22, 2020).

Second, it is not clear whether USCIS knew that § 214.2(l)(14)(ii) was the binding regulation when making its decision. The decision cites a variety of regulations with incomprehensible organization, defeating even a determined reader's attempts to confidently follow USCIS's reasoning. At a minimum, the citation to a non-existent regulation raises a serious concern that USCIS "relied on factors which Congress has not intended it to consider."

---

[4] Sometimes this proposition is asserted without citation. *See, e.g.*, DI 9-46 at 12.

*State Farm*, 463 U.S. at 42-43.  The harmless-error doctrine applies only when the error has "no bearing on the substantive decision of an agency." *Del. Riverkeeper Network v. Sec'y Pa. Dep't of Env't Prot.*, 833 F.3d 360, 377 (3d Cir. 2016).  Because of the errors and disorganization, we cannot tell whether this citation to a non-existent regulation had "bearing on the substantive decision."  *Id.*  Accordingly, we cannot say that the harmless-error doctrine applies here.

Finally, USCIS devotes a significant portion of its decision to the requirements for a new-office petition, rather than the requirements for an extension petition.  The decision fails to explain why USCIS needed to consider the new-office petition requirements, which it previously determined OuroArte satisfied, when faced with an *extension* petition.  According to the government at oral argument, the new-office petition apparently "has to stand on its own in order for the new office extension petition to be granted."  DI 31 at 67:3-5.  The USCIS decision does not tell us that, much less explain the legal basis for the proposition.

Even assuming *arguendo* that the government's explanation at oral argument is legally correct — and it was therefore proper for USCIS to consider the new-office petition requirements — the USCIS decision fails to explain a legal basis for not deferring to its prior approval of OuroArte's new-office petition.  USCIS lists three scenarios in which it "will not defer to prior approvals" but cites no legal support for why that is so.  DI 9-46 at 2.  Through OuroArte's arguments, we learn that these three scenarios come from the USCIS's Policy Manual.  DI 25 at 23-24.  It may be appropriate for USCIS not to defer to prior approvals, but we may only "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned."  *Bowman Transp.,* 419 U. S. at 286.  The path taken by USCIS here is not reasonably discernable, and therefore we cannot endorse it.

6

### III. Conclusion

For the foregoing reasons — and others not addressed in this memorandum — we find the USCIS decision to be arbitrary and capricious in violation of the APA. We vacate the decision and remand the case to USCIS. OuroArte asks us to directly grant its extension petition. We decline that request. "When a district court reverses agency action and determines that the agency acted unlawfully, ordinarily the appropriate course is simply to identify a legal error and then remand to the agency, because the role of the district court in such situations is to act as an appellate tribunal." *N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012). While we recognize that USCIS has already reviewed OuroArte's extension petition twice, we do not believe this is the exceedingly rare circumstance in which it would be appropriate for us to grant relief beyond remand.